## LESHNER CORPORATION v BENDER

Ohio Appeals, 1st Dist, Butler Co

No 549. Decided June 27, 1932

Shank & Shank, Hamilton, for plaintiff.
Shotts & Millikin, Hamilton, for defendant.

HAMILTON, J.

Heard on appeal.

The Leshner Corporation seeks in this action to enjoin the defendant Bender from placing a certain pipe line, which Bender threatens to construct on property claimed by the plaintiff.

Plaintiff claims the right to injunction by reason of the fact that the pipe line trespasses upon its property.

The question turns on the boundary lines of the corporation's property.

Plaintiff seeks by survey, deeds, and chain of title to show that the southwest line of its property is the center of Hamilton Avenue. Hamilton Avenue curves along the right of way of the railroad. A point on the west line of the railroad is given as the starting point for the description of the triangular piece of property of the plaintiff corporation in question here. This starting point is also placed in the center of the Springfield and Hamilton Pike in the early deeds. We are unable to trace the lines to come back to the starting point.

Plaintiff claims that the center line of Hamilton Avenue if projected would extend over property below the place where the defendant seeks to place his pipe line and that the pipe line would be on its property.

Defendant claims that the property is above the place where he seeks to place the pipe line.

Deeds are submitted from the chain of title back to 1854, when the first deed to the property was made from John Woods to Miller and Brown, which conveyed a 26½ acre tract. The property in question here is a small part of this whole tract.

The next deed was in 1856 and was from Miller and Brown to James O. Donnell, and cuts out from the 26½ acre tract a small rectangular piece of property, the property in question here.

The deed from Wood to Miller and Brown fixes one boundary line as "down the middle of said Cincinnati Street."

The deed from Miller and Brown to Donnell fixes that line as "southeastwardly along the east side of said turnpike road until it intersects the east line of said road first above mentioned." "The road first above mentioned" is a different road from the Hamilton turnpike. We are unable to enclose the property with this description.

The one outstanding thing is, that the line is fixed as the east side of the turnpike, and not the center in the Donnell deed. All subsequent deeds fix the center. of the turnpike as west line.

Running the boundary with the east line of the turnpike, plaintiff's property would terminate short of the place where defendant seeks to place the pipe line, unless the east line turns with the turnpike along the railroad right of way.

Deeds subsequent to the deed from Miller and Brown to Donnell would convey no more land than the subsequent holders received through the Miller and Brown deed, since they could convey no more than Miller and Brown conveyed to Donnell.

Plaintiff claims that it would make no difference if the property line was the east line of the turnpike, for the reason that in case of abandonment, it would take to the center of the turnpike as abutting owners. We do not think this to be the law applicable, but, in any event, their abutting rights would have to be determined by the extent of their abutting property, and this begs the very question in the case.

Oral testimony was offered, which fails to help. Some evidence, which might be of assistance, was that the railroad crossing was moved since the early deeds were made.

We have indicated here the difficulty the court has in the case.

We have been unable to find that the plaintiff has produced a preponderance of evidence to show that the defendant is en-

croaching upon its property in the construction of the pipe line.

The injunction is refused.

ROSS, PJ, and CUSHING, J, concur.